Should Pratt return, I think there can be no doubt he could recover the property from any one holding through the bankruptcy proceedings; and if so, the assignee has no power to sell or convey the property. My opinion is, that the property is exempt as a homestead, subject to the mortgage encumbrance of over $700.

---

## Case No. 11,371.

### In re PRATT.

[2 Lowell, 96; [1] 6 N. B. R. 276.]

District Court, D. Massachusetts. Jan., 1872.

ACT OF BANKRUPTCY—INSANITY—DISCHARGE.

A person cannot commit an act of bankruptcy while insane; but if when sane he has committed such an act, he may be made bankrupt upon a petition in invitum, after he has become insane. Whether he can obtain a discharge, quære?

[Cited in Re Weitzel, Case No. 17,365.]

In bankruptcy.

H. M. Rogers, for petitioner.

LOWELL, District Judge. Pratt committed an act of bankruptcy and afterwards became insane, and a petition for adjudication is filed against him by one of his creditors. A guardian has been duly appointed for him under the laws of Massachusetts, who appears, and consents to the adjudication. So far as any cases are reported which touch the standing of a lunatic in a court of bankruptcy, they decide that such a person cannot commit an act of bankruptcy while lunatic; but that if while sane he has committed such an act, he may be made bankrupt after he has become lunatic. Rob. Bankr. (1st Ed.) 84; Anon., 13 Ves. 590, and Mr. Sumner's note; Ex parte Stamp, De Gex, 345; In re Marvin [Case No. 9,178].

This appears to be a reasonable distinction, and conformable to the law in civil matters generally. It is highly important to the bankrupt's creditors that they should not be left to a race of diligence, which has all the objections which can be found to a proceeding in bankruptcy, besides others of its own; and the rights of the bankrupt will be fully protected by his guardian. Whether he can obtain a discharge, if unable to take the oath prescribed by the statute, and unable to submit himself to examination, I will not now say. If not, he will be no worse off

than if he had not been made bankrupt, while his creditors generally will be much better off. Decree of adjudication.